UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAURENCE F. DOUD III,<br><br>                           Plaintiff,<br><br>        v.<br><br>ROCHESTER DRUG CO-OPERATIVE INC.<br>AND JOSEPH BRENNAN,<br><br>                           Defendants. | 6:18-cv-06557 (FPG)<br><br>**ANSWER TO FIRST AMENDED COMPLAINT & COUNTERCLAIMS**<br><br>**JURY DEMAND** |

Defendant Rochester Drug Co-Operative Inc. ("RDC"), by and through its undersigned counsel, Harter Secrest & Emery LLP, as for its Answer to the First Amended Complaint and Counterclaims, states as follows:

## ANSWER

1.  RDC denies the allegations of Paragraph 1 of the First Amended Complaint (the "Complaint"), except it admits that Plaintiff served as CEO of RDC from 1991 until 2017.

2.  RDC denies the allegations of Paragraph 2 of the Complaint, except it admits that it terminated Plaintiff for cause in a letter sent March 13, 2018, which is attached as Exhibit E to the Complaint.

3.  RDC denies the allegations of Paragraph 3 of the Complaint.

4.  RDC admits the second and third sentences of Paragraph 4 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 4 of the Complaint.

5.  RDC admits the first two sentences of Paragraph 5 of the Complaint. RDC admits that it has approximately 1,300 customers and denies the remainder of the third sentence of Paragraph 5 of the Complaint. RDC admits that it is a cooperative, admits that a number of its

customers are shareholders, and admits that it has at times paid patronage dividends to its shareholders, and denies any other characterizations in the fourth sentence of Paragraph 5 of the Complaint.  RDC denies the fifth sentence of Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint states legal argument and conclusions to which no response is required.  To the extent a response is required, RDC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, except RDC denies the allegations that any termination was "wrongful" or that any statements were "defamatory."

7. RDC admits the allegations in Paragraph 7 of the Complaint.

8. RDC denies the allegations in the first sentence of Paragraph 8 of the Complaint, except it admits that John Kinney is a natural person over the age of 18.  RDC admits the second sentence of Paragraph 8 of the Complaint.

9. RDC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10. RDC denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 10 of the Complaint.  RDC denies the fourth sentence of Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint states legal argument and conclusions to which no response is required.

12. As to Paragraph 12 of the Complaint, RDC admits that the damages recited in Plaintiff's Complaint exceed $75,000, as stated therein, and denies that Plaintiff is entitled to any damages.

13. Paragraph 13 of the Complaint states legal argument and conclusions to which no response is required. To the extent a response is required, RDC admits that "at all relevant times [it] transacted business in New York State, and continue to do so."

14. Paragraph 14 of the Complaint states legal argument and conclusions to which no response is required. To the extent a response is required, RDC denies the allegations in Paragraph 14 of the Complaint, except it admits that it "regularly conducts business" in the Southern District of New York.

15. RDC denies the allegations in Paragraph 15 of the Complaint, except that it admits Plaintiff served as CEO of RDC from 1991 and 2017, and that RDC's revenue and workforce increased during that time period, although not in the exact amounts alleged in Paragraph 15.

16. RDC admits that Plaintiff entered into the Employment Agreement attached as Exhibit A to the Complaint, that the Employment Agreement sets out conditions for employment over a term from April 1, 2014 through March 31, 2019, and that Plaintiff's term as CEO expired and Joseph Brennan became the CEO of RDC on April 1, 2017. RDC denies the remaining allegations and characterizations of Paragraph 16 of the Complaint.

17. In response to the allegations in Paragraph 17 of the Complaint, RDC admits that the Department of Justice filed a civil complaint against RDC on July 6, 2015 and that the Department of Justice and RDC entered into a settlement agreement on or about July 8, 2015, denies plaintiff's characterizations of such civil action and settlement, and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Complaint.

18. RDC denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 18 of the Complaint. RDC denies the remaining allegation in Paragraph 18 of the Complaint, except it admits that it directed Plaintiff not to attend RDC board meetings until further notice in the letter attached to the Complaint as Exhibit C, and admits that it terminated Plaintiff for cause in the letter attached to the Complaint as Exhibit E.

19. RDC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20. RDC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21. RDC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22. RDC admits that Doud's employment with RDC commenced in 1987. RDC denies the remaining allegations and characterizations in Paragraph 22 of the Complaint.

23. RDC admits that Doud was appointed CEO of RDC in 1991 and that other sales representatives were thereafter hired. RDC denies the remaining allegations and characterizations in Paragraph 23 of the Complaint.

24. RDC denies the allegations and characterizations in Paragraph 24 of the Complaint, except RDC admits that during Plaintiff's tenure as CEO RDC moved to its current headquarters and opened a second distribution center.

25. RDC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

26. As to Paragraph 26 of the Complaint, RDC admits that Plaintiff entered into the Employment Agreement attached as Exhibit A to the Complaint, states that the terms of that Agreement speak for themselves, and denies any characterizations of that Agreement beyond those terms, including denying that the contract attached as Exhibit A to the Complaint was "substantially similar" to prior contracts.

27. As to Paragraph 27 of the Complaint, RDC admits that Plaintiff entered into the Employment Agreement attached as Exhibit A to the Complaint, states that the terms of that Agreement speak for themselves, and denies any characterizations of that Agreement beyond those terms.

28. As to Paragraph 28 of the Complaint, RDC admits that Plaintiff entered into the Employment Agreement attached as Exhibit A to the Complaint, states that the terms of that Agreement speak for themselves, and denies any characterizations of that Agreement beyond those terms.

29. As to Paragraph 29 of the Complaint, RDC admits that Plaintiff entered into the Employment Agreement attached as Exhibit A to the Complaint, states that the terms of that Agreement speak for themselves, and denies any characterizations of that Agreement beyond those terms.

30. As to Paragraph 30 of the Complaint, RDC admits that Plaintiff entered into the Employment Agreement attached as Exhibit A to the Complaint, states that the terms of that Agreement speak for themselves, and denies any characterizations of that Agreement beyond those terms.  RDC admits that Joseph Brennan replaced Plaintiff as the CEO of RDC on April 1, 2017.

31. RDC admits that the language quoted in Paragraph 31 of the Complaint appears in Exhibit B to the Complaint, and otherwise denies the allegations and characterizations in Paragraph 31 of the Complaint.

32. RDC denies the allegations in Paragraph 32 of the Complaint, except it admits that the document attached to the Complaint as Exhibit B states that RDC rose "from one of the lowest ranked wholesalers to 7th largest in the nation."

33. RDC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, except it admits that RDC hosted a retirement event for Plaintiff to which RDC employees were invited.

34. RDC denies the allegations in Paragraph 34 of the Complaint, except RDC admits that Doud served as a consultant to RDC's Board of Directors between April and August of 2017.

35. RDC denies the allegations in the second and third sentences of Paragraph 35 of the Complaint.  RDC denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 35 of the Complaint.

36. RDC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint.

37. RDC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint.

38. RDC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint.

39. RDC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, except RDC admits that the DEA conducted an on-site audit of RDC on or about July 31, 2013.

40. RDC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint.

41. RDC denies the allegations in Paragraph 41 of the Complaint.

42. RDC admits that Mr. Brennan informed the DEA that RDC would be implementing new software, and denies the remaining allegations in Paragraph 42 of the Complaint.

43. RDC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint.

44. RDC denies the allegations in Paragraph 44 of the Complaint.

45. RDC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint.

46. RDC admits that the United States Department of Justice filed a civil action against it alleging violations of the Controlled Substances Act on July 6, 2015. RDC denies the remaining allegations and characterizations of Paragraph 46 of the Complaint.

47. RDC admits the allegations of Paragraph 47 of the Complaint.

48. RDC admits that there was a settlement agreement entered into between itself and the United States Department of Justice on July 8, 2015. The terms of that settlement agreement speak for themselves. RDC denies the remaining allegations and characterizations of Paragraph 48 of the Complaint.

49. RDC admits that there was a settlement agreement entered into between itself and the United States Department of Justice on July 8, 2015.  The terms of that settlement agreement speak for themselves.  RDC denies the remaining allegations and characterizations of Paragraph 49 of the Complaint.

50. RDC denies the allegations in Paragraph 50 of the Complaint, except that it admits that Joseph Brennan served as RDC's Chief Operating Officer between April 1, 2013 and April 1, 2017.

51. RDC denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 51 of the Complaint.  The remaining allegations of Paragraph 51 of the Complaint constitute Plaintiff's characterizations of a March 8, 2017 subpoena, to which no response is required.  To the extent a response is required, RDC respectfully refers to the text of that subpoena for a true and complete statement of its contents.

52. Paragraph 52 of the Complaint constitutes Plaintiff's characterizations of a November 1, 2017 subpoena, to which no response is required.  To the extent a response is required, RDC respectfully refers to the text of that subpoena for a true and complete statement of its contents.

53. RDC denies the allegations in Paragraph 53 of the Complaint.

54. RDC denies the allegations in Paragraph 54 of the Complaint.

55. RDC denies the allegations in Paragraph 55 of the Complaint.

56. RDC denies the allegations in Paragraph 56 of the Complaint.

57. RDC denies the allegations in Paragraph 57 of the Complaint.

58. RDC denies the allegations and characterizations in Paragraph 58 of the Complaint, except it admits that the quoted language appears in the letter attached to the Complaint as Exhibit C.

59. RDC denies the allegations and characterizations in Paragraph 59 of the Complaint, except that it admits that Exhibit D to the Complaint is a letter from Doud's counsel to counsel for RDC dated January 5, 2018, without any enclosure that may have been included with that letter, and states that the letter speaks for itself.

60. RDC denies the allegations in Paragraph 60 of the Complaint.

61. RDC denies the allegations and characterizations in Paragraph 61 of the Complaint, except RDC admits that it sent the termination letter attached as Exhibit E to the Complaint on or about March 13, 2018 and states that the contents of the letter speak for themselves.

62. RDC denies the allegations and characterizations in Paragraph 62 of the Complaint, except RDC admits that it sent the termination letter attached as Exhibit E to the Complaint on or about March 13, 2018 and states that the contents of the letter speak for themselves.

63. RDC denies the allegations and characterizations in Paragraph 63 of the Complaint, except RDC admits that it sent the termination letter attached as Exhibit E to the Complaint on or about March 13, 2018 and states that the contents of the letter speak for themselves.

64. RDC denies the allegations and characterizations in Paragraph 64 of the Complaint.

65. RDC denies the allegations and characterizations in Paragraph 65 of the Complaint.

66. RDC denies the allegations and characterizations in Paragraph 66 of the Complaint.

67. In response to Paragraph 67 of the Complaint, RDC repeats its responses to all preceding paragraphs as if fully set forth herein.

68. Paragraph 68 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, RDC denies the allegations of Paragraph 68 of the Complaint.

69. As to Paragraph 69 of the Complaint, RDC admits that Plaintiff entered into the Employment Agreement attached as Exhibit A to the Complaint. The terms of that Agreement speak for themselves.

70. RDC denies the allegations of Paragraph 70 of the Complaint.

71. RDC denies the allegations of Paragraph 71 of the Complaint.

72. RDC denies the allegations of Paragraph 72 of the Complaint.

73. RDC denies the allegations of Paragraph 73 of the Complaint.

74. RDC denies the allegations of Paragraph 74 of the Complaint.

75. RDC denies the allegations of Paragraph 75 of the Complaint.

76. RDC denies the allegations of Paragraph 76 of the Complaint.

77. In response to Paragraph 77 of the Complaint, RDC repeats its responses to all preceding paragraphs as if fully set forth herein.

78. Paragraph 78 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, RDC denies the allegations of Paragraph 78 of the Complaint.

79. Paragraph 79 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, RDC denies the allegations of Paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, RDC denies the allegations of Paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, RDC denies the allegations of Paragraph 81 of the Complaint.

82. RDC denies the allegations of Paragraph 82 of the Complaint.

83. RDC denies the allegations of Paragraph 83 of the Complaint.

84. RDC denies the allegations of Paragraph 84 of the Complaint.

85. RDC denies the allegations of Paragraph 85 of the Complaint.

86. RDC denies the allegations of Paragraph 86 of the Complaint.

87. RDC denies the allegations of Paragraph 87 of the Complaint.

88. RDC denies the allegations of Paragraph 88 of the Complaint.

89. RDC denies the allegations of Paragraph 89 of the Complaint.

90. RDC denies the allegations of Paragraph 90 of the Complaint.

91. RDC denies the allegations of Paragraph 91 of the Complaint.

92. In response to Paragraph 92 of the Complaint, RDC repeats its responses to all preceding paragraphs as if fully set forth herein.

93. Paragraph 93 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, RDC denies the allegations of Paragraph 93 of the Complaint.

94. As to Paragraph 94 of the Complaint RDC admits that Plaintiff entered into the Employment Agreement attached as Exhibit A to the Complaint. The terms of that Agreement speak for themselves.

95. As to the first sentence of Paragraph 95 of the Complaint, RDC admits that Mr. Brennan was RDC's Chief Operating Officer from April 1, 2013 to April 1, 2017 and that he had knowledge that Plaintiff had an employment agreement with RDC, but denies that he had knowledge of the specific terms of that agreement. RDC admits the allegations in the second sentence of Paragraph 95 of the Complaint.

96. RDC denies the allegations of Paragraph 96 of the Complaint.

97. RDC denies the allegations of Paragraph 97 of the Complaint.

98. RDC denies the allegations and characterizations in Paragraph 98 of the Complaint, except it admits that the quoted language appears in the letter attached to the Complaint as Exhibit E.

99. RDC denies the allegations of Paragraph 99 of the Complaint.

100. RDC denies the allegations of Paragraph 100 of the Complaint.

101. RDC denies the allegations of Paragraph 101 of the Complaint.

102. As to the prayer for relief following Paragraph 101 of the Complaint and any other unnumbered material in the Complaint, RDC states that no response is required.  To the extent a response is required, RDC denies any such allegations.

## AFFIRMATIVE DEFENSES

102. First Affirmative Defense:  RDC's termination of Doud's employment contract was proper because Doud had previously breached the contract.

103. Second Affirmative Defense:  The Complaint fails to state a claim for defamation against RDC.

104. Third Affirmative Defense:  Any statements alleged to have been made by RDC personnel were truthful and not defamatory.

105. Fourth Affirmative Defense:  Any statements alleged to have been made by RDC personnel were made to persons with a common economic or other common business interest.  Accordingly, any allegedly defamatory statements made by RDC personnel were protected by a qualified privilege.

## COUNTERCLAIMS AGAINST LAURENCE F. DOUD III

## FIRST COUNTERCLAIM

### Breach of Fiduciary Duty

106. Laurence F. Doud III served as CEO of RDC from 1991 until 2017.  As an officer and employee of RDC, Doud owed RDC fiduciary duties of care and loyalty.  As a fiduciary, Doud was prohibited from obtaining a benefit or advantage for himself at the expense of RDC.

107. During his tenure as CEO, in violation of his fiduciary duty and obligation to act in the best interests of RDC, Doud urged RDC compliance staff and others to disregard RDC's policies and procedures concerning the sale of controlled substances, including policies and

procedures concerning commencing the sale of controlled substances to new customers.  These acts exposed RDC to significant risks and costs incurred in addressing those risks and their consequences.

108.    Doud further breached his fiduciary duties to RDC because Doud benefited financially from increased RDC sales of controlled substances to Linden Care, LLC ("Linden Care") and related entities affiliated with BelHealth Investment Partners ("BelHealth"), but RDC and its shareholders did not.  Doud earned large bonuses based on RDC's business with Linden Care and other entities affiliated with BelHealth.  This business, however, resulted in RDC's shareholders receiving lower patronage dividends than they otherwise would have, because of the low profit margin on RDC's business with Linden Care and other entities affiliated with BelHealth.  In continuing to drive RDC's relationship with Linden Care and other BelHealth entities throughout this period to his own benefit and to the detriment of RDC's shareholders, and despite warnings from others at RDC concerning the business and compliance risks associated with this business, Doud breached his fiduciary duty to RDC.

109.    Upon information and belief, Doud further breached his fiduciary duty during his tenure as CEO by unilaterally releasing certain friends or other of his favored customers from significant charges or fees these customers owed to RDC, in violation of RDC policy and practice.

110.    As a result of these and similar instances, Doud's breached his fiduciary duties to RDC, and RDC is entitled to damages in an amount to be determined at trial.

## SECOND COUNTERCLAIM

### Breach of Contract

111.  Doud entered into an Employment Agreement with RDC (the "Agreement") on March 11, 2014, effective April 1, 2014.  A copy of the Agreement is attached to the Complaint as Exhibit A.

112.  Under the terms of the Agreement, Doud "agrees to conduct himself in an exemplary manner while engaged in the employment of RDC, both during business hours and non-business hours, to reflect credit on RDC."  (Compl. Ex. A, ¶ 9.)

113.  The Agreement sets forth several provisions setting forth grounds upon which RDC could terminate Doud, and therefore conduct that is prohibited under the Agreement.  These include Doud's "failure or refusal to comply with the objectives, policies, standards and regulations of RDC, as may be, from time to time, established" (Compl. Ex. A, ¶ 7(b)), "fraud, dishonesty or other similar type of misconduct in the performance of the duties rendered on behalf of RDC" (Compl. Ex. A, ¶ 7(d)), or "failure or refusal to faithfully and diligently perform the provisions of the Agreement or the usual and customary duties and services of his employment" (Compl. Ex. A, ¶ 7(e)).

114.  In engaging in the conduct described in paragraph 107 above, Doud failed to comply with the policies and standards in place at RDC, and failed to conduct himself in an exemplary manner in his work for RDC, in violation of the Agreement.

115.  In engaging in the conduct described in paragraph 108 above, Doud failed to faithfully perform his duties on behalf of RDC, and failed to conduct himself in an exemplary manner in his work for RDC, in violation of the Agreement.

116. Upon information and belief, in engaging in the conduct described in paragraph 109 above, Doud further failed to comply with the policies and standards in place at RDC and failed to conduct himself in an exemplary manner in his work for RDC, in violation of the Agreement.

117. As a result of these and similar breaches of the Agreement, RDC is entitled to damages in an amount to be determined at trial.

## JURY DEMAND

RDC hereby demands a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, RDC seeks a judgment:

(a) Dismissing all claims against it;

(b) Awarding all costs and disbursements to which RDC is entitled;

(c) Awarding, on RDC's Counterclaims, an amount of damages to be determined at trial; and

(d) Granting such other relief as the Court deems just, equitable, and proper.

Respectfully submitted,

Dated: August 30, 2018

HARTER SECREST & EMERY LLP

By: s/ John P. Bringewatt
Brian M. Feldman
John P. Bringewatt
1600 Bausch and Lomb Place
Rochester, NY 14604-2711
Telephone No. (585) 232-6500
Facsimile No. (585) 232-2152
bfeldman@hselaw.com
jbringewatt@hselaw.com
*Counsel for Rochester Drug Co-operative, Inc.*