UNITED STATES DISTRICT
COURT WESTERN DISTRICT OF
NEW YORK

------------------------------------------------------------- x
LAURENCE F. DOUD III,                              :
                                                   :      Docket No. 18 Civ. 6557 (FPG)
                        Plaintiff,                 :
                                                   :      **DECISION AND ORDER**
        -v.-                                       :
                                                   :
ROCHESTER DRUG CO-OPERATIVE, INC.                  :
AND JOSEPH BRENNAN                                 :
                                                   :
                        Defendants.                :
------------------------------------------------------------- x

## BACKGROUND

On October 19, 2021, Plaintiff Laurence F. Doud III ("Plaintiff") filed a Motion to Dismiss "the First Amended Complaint against Rochester Drug Co-Operative, Inc., with prejudice, except as to any claim currently pending before United States Bankruptcy Court for the Western District of New York in the matter entitled *In re Rochester Drug Co-Operative, Inc.*, Case No. 20-20230 (PRW)." ECF No. 83.

Before addressing the motion, the Court provides some background on the procedural history of this case. Plaintiff filed the First Amended Complaint on July 12, 2018 against Defendants Rochester Drug Co-Operative Inc. ("RDC") and Joseph Brennan ("Brennan"). ECF No. 25 at 1.

On August 30, 2018, RDC and Brennan each filed an Answer and RDC asserted two counterclaims against Plaintiff. ECF No. 31, 32. In response, Plaintiff moved to dismiss those counterclaims on September 28, 2018. ECF No. 38. That motion remains pending.

On October 23, 2018, Plaintiff filed a Third-Party Complaint asserting third-party claims against the Board of Directors of the RDC and Donald Arthur, Christopher Casey, Stephen Giroux,

Richard Klenk, Sherwood Klein, Joe Lech, Boris Mantell, Scott Miskovsky, Garry Mrozek, and Paul Pagnotta, in their individual capacities and as members of the Board of Directors of the RDC (collectively, the "Third-Party Defendants"). ECF No 43. Plaintiff sued the Third-Party Defendants "seeking contribution on a proportionate basis in connection with RDC's counterclaims against [Plaintiff]." *Id.* at 2.

By Stipulation of Dismissal dated January 22, 2019, Plaintiff and Third-Party Defendant the Board of Directors of the RDC stipulated to the dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), but the stipulation did not dismiss the action as to the members of the RDC Board of Directors in their individual capacities and as members of the RDC Board of Directors. ECF No. 69.

On July 11, 2019, the United States of America (the "Government") moved to intervene for the purpose of obtaining a temporary stay of discovery. ECF No. 73 at 2. This Court granted that motion and ordered that this action is stayed, and "placed on the suspense docket," until such time as a resolution is reached in a related criminal action in the United States District Court for the Southern District of New York. *Id.* at 1-2. The Court also directed the Government to provide a status update to the Court at least every six months, and at any other time that events in the pending criminal case warrant.[1] *Id.* at 3.

On August 4, 2021, counsel for RDC filed a "Notice of Bankruptcy Plan Injunctions." ECF No. 82. That Notice informed the Court that, on March 12, 2020, RDC filed a voluntary petition under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Western District of New York.[2] *Id.* at 1. Further, it notified the Court that, on February 26,

---

[1] The Government filed status reports on January 13, 2020, July 13, 2020, January 12, 2021, and July 12, 2021. ECF Nos. 76, 78, 80-81.

[2] At that time, this matter was automatically stayed pursuant to 11 U.S.C. § 362(a)(1). *See* ECF No. 84 at 1.

2021, the Bankruptcy Court "entered an order enjoining Plaintiff from continuing the above-captioned action against RDC in this Court." ECF No. 82 at 1.

On October 19, 2021, Plaintiff moved to dismiss his own "First Amended Complaint against RDC . . . except as to any claim currently pending before United States Bankruptcy Court." ECF No. 83. Along with that motion, Plaintiff's counsel, Derelle Janey, Esq., submitted a four-page affirmation (the "Janey Affirmation").[3] ECF No. 84. The Janey Affirmation indicated that, in accordance with the Bankruptcy Court's injunction, Plaintiff intends to pursue his claim against RDC "exclusively in the Bankruptcy Case." *Id.* at 3. Specifically, the Janey Affirmation requests an order from this Court "dismissing this matter as to RDC" but clarifies that "Plaintiff is not withdrawing his First Amended Complaint, thereby abandoning his suit for damages[,] [r]ather, Plaintiff is dismissing this matter to abide by the Bankruptcy Court's Plan Injunctions." *Id.* Thus, Janey Affirmation requests that this Court "dismiss the matter as to Defendant RDC with prejudice, except as to any claim pending before United States Bankruptcy Court for the Western District of New York." *Id.* at 4.

On November 2, 2021, RDC filed a response consenting to Plaintiff's motion to dismiss the First Amended Complaint and consenting to entry of the Proposed Order. ECF No. 86.

On March 18, 2022, United States Magistrate Judge Mark W. Pedersen scheduled a telephone conference for April 13, 2022 to discuss with the parties the status of the stay of proceedings in this matter. In response, RDC's counsel filed a motion to adjourn the telephone conference until this Court has had an opportunity to rule on Plaintiff's motion to dismiss his First Amended Complaint. ECF No. 87. In that motion to adjourn, counsel indicated that, on February 2, 2022, a jury in the Southern District of New York returned a verdict of guilty on two counts

---

[3] Plaintiff also submitted a Proposed Order, ECF No. 85, which is discussed in more detail below.

against Plaintiff. *Id.* at 2 n.2. Counsel further informed the Court that the criminal court that presided over that criminal trial "is considering post-trial motions, and no judgment of conviction has been entered in that proceeding." *Id.*

In addition, RDC's counsel stated that Plaintiff's motion is "unopposed by any party and consented to by [RDC]" and that if this Court enters Plaintiff's Proposed order, it may then direct the Clerk's Office to close this case. *Id.* at 2.

On March 22, 2022, Judge Pedersen granted counsel's request for an adjournment pending this Court's ruling on Plaintiff's motion.

## DISCUSSION

For the reasons discussed below, Plaintiff's motion to dismiss his First Amended Complaint, ECF No. 83, is DENIED WITHOUT PREJUDCE to renew.

First, the Court requests that the parties clarify whether, as to those claims the parties agreed should be dismissed, said dismissal is *with prejudice* or *without prejudice*. The Janey Affirmation contemplates that the dismissal of such claims is to be with prejudice, ECF No. 84 at 4, but the Proposed Order muddies the waters. It states in the first paragraph that Plaintiff seeks "to dismiss *all claims* in this matter *without prejudice*," but in the second paragraph states "that all of Plaintiff's *remaining claims* against Defendants are *dismissed with prejudice*, except as to any claim currently pending before United States Bankruptcy Court." ECF No. 85 at 1 (emphasis added). Accordingly, the Court requests that counsel clarify whether dismissal is sought with or without prejudice.

Second, Plaintiff and RDC have not addressed or explained whether this Court may grant the relief requested in Plaintiff's motion during the pendency of the stay related to the criminal action in the Southern District of New York. As this Court explained above, at the request of the

4

Government, this Court entered an order staying discovery in this action and placing it on a "suspense docket," until such time as a resolution is reached in the criminal action. ECF No. 73 at 1-2. With post-trial motions pending and no judgment of conviction entered to date, the question is whether this Court is nonetheless permitted to move forward and grant Plaintiff the relief it requests without the Government being heard. Plaintiff has not addressed this question. Presumably, the stay prevents discovery only and not the dismissal of claims.

Third is the matter of RDC's counterclaim against Plaintiff and, relatedly, Plaintiff's Third-Party Complaint against the Third-Party Defendants.[4] The parties' submissions make no mention of these claims but state that entry of the Proposed Order would permit this Court to direct the Clerk's Office to close the case. *See* ECF No. 87. Plaintiff and RDC are directed to clarify whether Plaintiff's motion to dismiss the First Amended Complaint is intended to operate as a dismissal of RDC's counterclaim and the Third-Party Complaint. If so, Plaintiff shall, with his renewed motion, notify the Court whether counsel for the Third-Party Defendants consents to the dismissal of those claims.

Finally, the parties are directed to address the claims against Brennan and whether Plaintiff's motion intends to dismiss those claims as well. Brennan filed an Answer to the First Amended Complaint on August 30, 2018. ECF No. 31. He has not been terminated from this case and still appears as a defendant on the case docket. If Plaintiff intends to dismiss these claims, Plaintiff shall, with his renewed motion, notify the Court whether Brennan consents to the motion.

---

[4] Plaintiff's motion to dismiss the counterclaim remains pending. ECF No. 38.

**CONCLUSION**

Accordingly, for the reasons set forth above, Plaintiff's motion to dismiss, ECF No. 83, is DENIED WITHOUT PREJUDICE. Plaintiff may refile his motion addressing the issues outlined above. If it would be more efficient, the Court is amenable to a status conference to discuss these issues if the parties would like to request one.

IT IS SO ORDERED.

Dated: April 6, 2022
      Rochester, New York

                                             HON. FRANK P. GERACI, JR.
                                             United States District Judge
                                             Western District of New York